Jory C. Ruggiero, Esq.
Domenic A. Cossi, Esq.
WESTERN JUSTICE ASSOCIATES, PLLC
303 West Mendenhall Street, Suite 1
Bozeman, MT 59715
Ph:   (406) 587-1900
Fax:  (406) 587-1901
Email: *jory@westernjusticelaw.com*
       *domenic@westernjusticelaw.com*

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| ADREAS ENTERPRISES, LLC, d/b/a/ ANDREAS PETROLEUM, | Cause No. CV-21-07-BU-BMM-JTJ |
| Plaintiff, | |
| v. | **COMPLAINT and REQUEST FOR DECLARATORY RELIEF** |
| GENERAL STAR INDEMNITY COMPANY and JOHN DOES 1-5, | |
| Defendants. | |

Plaintiff Andreas Enterprises, LLC, d/b/a/ Andreas Petroleum, alleges as follows in support of its claims against Defendant General Star Indemnity Company.

## I.   PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Andreas Enterprises, LLC, d/b/a/ Andreas Petroleum (Andreas) is and at all times pertinent to this action, has been a business organized under the laws of the State of Montana and with its principal place of business in Gallatin County, Montana.

2.   Defendant General Star Indemnity Company (GenStar) is a company organized under the laws of the state of Connecticut and with its principle place of business in Stamford Connecticut.

3.   John Does 1-8 are other people or entities that may be liable to Plaintiff for the damages sought in this Complaint.

4.   This Court has jurisdiction over the subject matters and the parties to this action.  In addition, pursuant to its Service of Suit Clause, GenStar has agreed to submit to this Court's jurisdiction.

5.   Venue properly lies in the United States District Court for the District of Montana, Butte Division.

## II.   GENERAL ALLEGATIONS

6.   In April of 2020, Andreas Petroleum sought insurance for its trucking business.  Andreas regularly hauled petroleum in the area from Bozeman, Montana south, including routes through Yellowstone National

Park to gas stations in the Park. Andreas sought six million dollars in coverage for the potentially significant environmental liabilities associated with hauling petroleum through Yellowstone.

7. Andreas obtained a base policy through Great West Casualty Company (Great West), for the policy period April 27, 2020 to April 27, 2021. Andreas' coverage through Great West provided one million dollars in coverage for general liabilities, including petroleum spills and other pollution potentially resulting from Andreas' hauling of petroleum products.

8. The Great West policy includes a specific endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980 written on Form MCS—90 (the "MCS—90 Endorsement").

9. Andreas also obtained five million dollars in excess insurance coverage for its petroleum hauling business from Defendant GenStar. When it issued its excess liability policy to Andreas, GenStar knew that Andreas needed additional liability coverage for its business hauling petroleum in the area around Bozeman and Yellowstone. GenStar issued its excess liability policy to Andreas' address in Gallatin County.

10. GenStar's excess liability policy contains no table of contents or summary of important provisions. Instead, GenStar's policy adopts and

incorporates most of the terms of the underlying Great West policy. GenStar's policy identifies the Great West Policy as the "controlling underlying policy" and purports to provide five million dollars in liability coverage "in excess of" the limits in the Great West Policy. The GenStar policy covers exactly the same policy period as the Great West policy.

11. On August 27, 2020, an Andreas tractor trailer hauling gasoline through Yellowstone National Park traveled too close to the right edge of a road in the Hayden Valley. A pup trailer of gasoline being hauled by Andreas flipped off the narrow shoulder and spilled approximately 3,122 gallons of gasoline off the west side of the highway near the Yellowstone River.

12. Damages for the costs of environmental response, remediation and other damages accruing to Yellowstone National Park, the Department of the Interior, the Environmental Protection Agency and/or other entities far exceed Great West's policy limit. The amount in controversy in this case is in excess of $75,000.

13. Andreas made timely claims under both of its policies with Great West and GenStar. Great West acknowledged liability under its policy and covered the claim. GenStar denied liability based on a single policy provision and refused any coverage to Andreas in relation to the spill.

14. Gen Star provided Andreas a letter denying coverage on October 23, 2020. To date, the only reason ever provided by GenStar for refusing to cover the gasoline spill is that GenStar's policy includes, at approximately Page 19, an endorsement that excludes from coverage damages related to pollution. This exclusion denying the precise coverage that Andreas sought when he contracted with GenStar is not identified in any table of contents or summary of important provisions.

15. Andreas had a reasonable expectation that his GenStar policy would cover liabilities like this August 27, 2020 crash in Yellowstone National Park. Andreas also had a reasonable expectation that his GenStar policy would cover liabilities, like gasoline spills, associated with his business trucking petroleum through national parks.

16. In the context of the two policies Andreas purchased to insure his trucking business, any exclusion of coverage in the GenStar policy for the damages arising from this crash is ambiguous.

17. GenStar's continuing refusal to cover the damages from this crash is harming Andreas.

### III. CLAIMS FOR RELIEF

### COUNT ONE
### (DECLARATORY JUDGMENT AND SUPPLEMENTAL RELIEF)

18. All allegations asserted in this Complaint are incorporated herein by reference.

19. The Montana Property and Casualty Insurance Policy Language Simplification Act requires that insurance policies, including the GenStar policy, "must include a table of contents and notice section of important provisions." Mont. Code Ann. § 33–15–337(2).

20. The GenStar policy, includes no table of contents and no notice section of important provisions.

21. GenStar's policy is ambiguous and contrary to the reasonable consumer expectations of Andreas.

22. GenStar's refusal to acknowledge coverage and to tender payment under its liability insurance policy with Andreas is causing significant, continuing harm to Andreas.

23. Andreas is entitled to declaratory judgment pursuant to 28 U.S.C. § 2201, including an order that GenStar must cover the spill and provide the resources necessary to clean up this gasoline spill in Yellowstone National Park.

24. Andreas is also entitled to supplemental relief pursuant to 28 U.S.C. § 2202, including pre-judgment interest, attorney fees, and costs.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Declaratory judgment reversing GenStar's denial of coverage.

2. Supplemental relief pursuant to 28 U.S.C. § 2202;

3. Attorney fees and costs;

4. Such other and further relief as is deemed just and equitable by this Court.

DATED this 2nd day of February, 2021.

WESTERN JUSTICE ASSOCIATES, PLLC

  /s/ Jory C. Ruggiero
JORY C. RUGGIERO, ESQ.
DOMENIC A. COSSI, ESQ.
303 W. Mendenhall, Suite 1
Bozeman, MT 59715
*Attorney for Plaintiffs*